IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RUSSELL TINSLEY, <u>et</u> <u>al</u>.          :          CIVIL ACTION
                                          :
              v.                          :
                                          :
ADAMS (Warden), <u>et</u> <u>al</u>.          :          NO. 07-1701


                  M E M O R A N D U M   A N D   O R D E R

          Plaintiff, a prisoner at the Philadelphia Industrial
Correctional Center (PICC), seeks to bring a civil action <u>in</u>
<u>forma</u> <u>pauperis</u>,[1] without prepayment of fees or security therefor.
The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134,
110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28
U.S.C. § 1915, establishes certain financial requirements for
prisoners who are attempting to bring a civil action or file an
appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

          Under the Act, a prisoner bringing a civil action <u>in</u>
<u>forma</u> <u>pauperis</u> must pay the full amount of the $350 filing fee.
28 U.S.C. § 1915(b)(1).  The prisoner must submit a certified
copy of his inmate trust fund account statement for the 6-month
period immediately preceding the filing of his complaint so the
Court can determine how the $350 filing fee will be paid.  28
U.S.C. § 1915(a)(2).  The prisoner must obtain this statement
from the appropriate official of each prison at which he was or
is confined.  <u>Id</u>.  The Court must then "assess [the prisoner's

_____

1.  Suits brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. §
1915.

                                  1

financial status] and, when funds exist, collect, as a partial

payment of any court fees required by law, an initial partial

filing fee of 20 percent of the greater of-- (A) the average

monthly deposits to the prisoner's account; or (B) the average

monthly balance in the prisoner's account for the 6-month period

immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial statement, an initial

partial filing fee of $1.67 is assessed.  The Warden or other

appropriate official at PICC, or at any prison at which plaintiff

may be confined, will be directed to deduct $1.67 from

plaintiff's inmate account, when such funds become available,

and forward that amount to the Clerk of the United States

District Court for the Eastern District of Pennsylvania.

Thereafter, each time that the balance in plaintiff's inmate

account exceeds $10, an amount no greater than 20 percent of the

money credited to plaintiff's account during the preceding month

will be deducted and forwarded to the Clerk of Court until the

filing fee is paid.

Plaintiff may not have known when he brought this

action that he must pay the filing fee, and that even if the full

filing fee, or any part of it, has been paid, the Court must

dismiss the case if it finds that the action is: (1) frivolous or

malicious; (2) fails to state a claim upon which relief may be

granted; or (3) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the

Court dismisses the case for any of these reasons, the Act does
not permit the prisoner to get his filing fee back.

We shall give plaintiff twenty (20) days from the date
of this order to decide whether he wants to proceed with this
case.  If by that time, plaintiff decides not to proceed with the
case, he need not pay the $350 filing fee.

For the foregoing reasons, it is, this          day of
May, 2007, hereby ORDERED that:

1.   The petition is DENIED WITHOUT PREJUDICE to its
reassertion in accordance with the terms of this order;

2.   If plaintiff files with the Court within twenty
(20) days from the date of this order a notice that he wishes to
proceed with this action and thereby obligate himself to pay the
$350 filing fee, this action will be reinstated; and

3.   The Clerk of Court shall CLOSE this case
statistically.

**BY THE COURT:**


**/S/ THOMAS N. O'NEILL, J.**
_____

_____